IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOENELL RICE,
      Plaintiff,

v.                                       CIVIL ACTION NO.: 3:19-CV-87
                                               (GROH)

LT. SMITH,
CO WALTZS,
and
CO McDUFFY,
      Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 28, 2019, the *pro se* Plaintiff, who was then a federal prisoner incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming retaliation by correctional officers following an earlier incident where Plaintiff reported wrongdoing by a separate correctional officer. ECF No. 1.[1] This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:19-CV-87, unless otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Underlying Criminal Conviction in the Northern District of Ohio case number 1:15-CR-32.[2]

On January 28, 2015, Plaintiff was indicted in the Northern District of Ohio in a single-count indictment charging him with being a prohibited person in possession of a firearm. ECF No. 1. On May 9, 2016, pursuant to a plea agreement, Plaintiff entered a guilty plea to the indictment. ECF Nos. 34, 35. On August 2, 2016, the District Court sentenced Plaintiff to 180 months of incarceration, followed by three years of supervised release. ECF Nos. 41, 42.

On August 10, 2016, Plaintiff filed a notice of intent to appeal. ECF No. 43. On May 19, 2017, the Court of Appeals for the Sixth Circuit affirmed the district court's judgment. C.A.6th Cir., 16-3922, ECF No. 22-2. The Sixth Circuit's unpublished opinion noted that, "[b]ecause Rice had three previous Ohio robbery convictions. . . he was determined to be an armed career criminal, requiring a statutory mandatory-minimum sentence of fifteen years of imprisonment. The guidelines range was calculated at 180 to 210 months." Id. In its opinion, the Sixth Circuit found that Plaintiff's "challenges to his career criminal designation [were] therefore without merit." Id. According to the Bureau of Prisons inmate locator website, Plaintiff's projected release date from BOP custody is May 11, 2028.

---

[2] Unless otherwise noted, all CM/ECF numbers cited throughout section II.A. refer to entries in the docket of Petitioner's Criminal Case No. 1:15-CR-32 in the United States District Court for the Northern District of Ohio, available on PACER. Unless otherwise noted, the ECF entries in sections II.A. and II.B. refer to that criminal case. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

B.   The Instant Complaint in 3:19-CV-87.

Plaintiff filed the instant complaint on May 28, 2019, while serving the 180-month sentence imposed in the Northern District of Ohio.  The complaint alleges that he was assaulted by the Defendants in retaliation for Plaintiff's earlier reporting of misconduct by a separate correctional officer.  ECF No. 1 at 7 – 8.  Plaintiff further alleged that after his assault, he was denied medical care.  Id.  Plaintiff seeks $5,000,000.00 in damages.  Id. at 9.  Plaintiff also states that although he filed grievances, BOP "never responded on the [form BP] 8, [or] 9 so I followed up with the BP 10, then now I got the BP 11 in, now which they haven't responded back yet."  ECF No. 1 at 5.

On June 6, 2019[3], Plaintiff filed a letter with the Clerk which stated that Plaintiff's BP 11 administrative grievance had been referred to another department for review.  ECF No. 14.[4]  Thereafter, on June 24, 2019, this Court vacated its May 29, 2019 [ECF No. 6] order directing Defendants to answer or otherwise respond.  ECF No. 22.

### III.   STANDARD OF REVIEW

A.   Pro Se Litigants.

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a

---

[3] Although the docket indicates the letter was filed on June 7, 2019, the document is date stamped June 6, 2019 in the United States District Court for the Northern District of West Virginia, Clarksburg. ECF No. 14.

[4] Subsequently, Plaintiff has filed two additional responses: (1) on June 17, 2019, [ECF No. 19]; and (2) on June 24, 2019, [ECF No. 21].  Both of the responses refer to Plaintiff's pending administrative appeals.  ECF Nos. 19 at 2, 21 at 2, 21-1.

case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

## IV. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law,

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). "[F]ederal prisoners suing under Bivens [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Id. (internal citation omitted). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001).

As recognized in Porter and Booth, exhaustion is a prerequisite to suit, and accordingly, Plaintiff was required to exhaust all available administrative remedies prior to filing his Bivens complaint in federal court. The United States Supreme Court has recognized that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 93 – 94 (2006) (internal citations omitted).

In his complaint Plaintiff concedes that he has begun the prisoner grievance procedure, but that those proceedings have not yet been resolved. ECF No. 1 at 5 – 6. Moreover, on June 6, 2019, Plaintiff filed with the Court a letter and a rejection notice dated April 15, 2019, from the BOP Central Office, Administrative Remedy Coordinator, which rejection notice advised Plaintiff that his appeal was being forwarded to another department for review, but that the request or appeal should have

been filed at the institution. ECF Nos. 14, 14-1.

In <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007), the United States Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in his complaint." Although the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," the Court held "that Congress has provided in 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought are offered through administrative avenues." <u>Booth</u>, 532 U.S. at 741, n.6. Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See <u>Ziemba v. Wezner</u>, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); <u>Aceves v. Swanson</u>, 75 F. App'x. 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner.") Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008) (citing <u>Aguilar-Avellaveda v. Terrell</u>, 478 F.3d 1223, 1225

(10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

Here, Plaintiff does not allege that he was prevented through no fault of his own from availing himself of available remedies, nor does he allege that institutional authorities refused to provide him the forms which were necessary to complete administrative exhaustion. Rather, Plaintiff simply claims that he had not yet received a response to his administrative remedy requests related to his retaliation claims, and had grown inpatient. In his June 6, 2019, letter to the Court, Plaintiff further concedes that his administrative appeal is ongoing. ECF No. 14. A further filing by Plaintiff on June 24, 2019, acknowledges that Plaintiff's administrative appeals remain pending. ECF No. 21.

The Fourth Circuit held that "retaliation claims fit within the category of 'inmate suits about prison life,' and therefore must be preceded by the exhaustion of state administrative remedies available." Ziemba, 366 F.3d at 163, citing Lawrence v. Goord, 304 F.3d 195, 200 (2d Cir. 2002).

Accordingly, the undersigned finds that Plaintiff has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies, and that Petitioner failed to exhaust the available administrative remedies prior to instituting this action. Moreover, the undersigned finds that Plaintiff's failure to exhaust administrative remedies is apparent on the face of his pleadings.

## I.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust

administrative remedies.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     June 28, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE