**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOENELL L. RICE**,

     Plaintiff,

**v.**                                  **CIVIL ACTION NO.: 3:19-CV-87
(GROH)**

**LT. SMITH,
CO WALTZS and
CO MCDUFFY,**

     Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 24. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 28, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's complaint [ECF No. 1] be denied and dismissed without prejudice.

### I. Background

On May 28, 2019, the Plaintiff filed a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). At the time of filing, the Plaintiff was incarcerated at USP Hazelton in Bruceton Mills, West Virginia. In his complaint, the Plaintiff alleges that he was assaulted by the Defendants and that he believes it was in retaliation for his earlier reporting of misconduct by a

separate correctional officer. The Plaintiff further alleges that after his assault, he was denied medical care.

The Plaintiff stated that he has filed a BP 8, 9, 10 and 11, but has not received a response. On June 6, 2019, the Plaintiff filed a letter with the Clerk which stated that the Plaintiff's BP 11 administrative grievance had been referred to another department for review. ECF No. 14.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held

that when a party's objection lacks adequate specificity, the party waives that objection. See <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." <u>Mario</u> 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court granted the Plaintiff an extension to file objections on or before August 22, 2019. ECF No. 32. The Plaintiff filed his objections on August 9, 2019. ECF No. 35. Having timely filed objections, the Court will conduct a *de novo* review of the portions of the R&R to which the Plaintiff objects.

### III. Discussion

Magistrate Judge Trumble recommends that the complaint be dismissed because the Plaintiff has failed to exhaust all available administrative remedies. Specifically, the Plaintiff's claims are still being considered by the institution. Moreover, the Plaintiff has not presented a claim that is substantial or serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies.

In the Plaintiff's objections, he states that he just put in a BP8 pertaining to his claims and they have not responded back to him yet. He further states that when they do respond he will notify the Court and will then put the BP9 to the Warden. He also says he will send copies of the BP10 and BP11 responses.

The Plaintiff has not provided the Court with any information leading to a conclusion that he has exhausted his administrative remedies. Rather, a review of the complaint, his supplemental filings and his objections show a failure to exhaust all administrative remedies prior to filing of his complaint. Accordingly, the Plaintiff's objections, inasmuch as they oppose dismissal of the complaint, are **OVERRULED**.

## IV. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 24] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's complaint [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested.

**DATED**: October 24, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE